UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Taqiyeddine Graiche,

                Plaintiff,

    -against-

Noah's Ark Bagels Corp., et al.,

              Defendants.

25-CV-6389 (RFT)

**ORDER**

**ROBYN F. TARNOFSKY,** United States Magistrate Judge.

Before me is the parties' request that the Court approve their settlement agreement in this case (the "Settlement Agreement"), a fully executed copy of which first was submitted on April 8, 2026 (ECF 27-1). (ECF 27.) This case is an action for money damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") as well as under provisions of the New York Labor Law.

A federal court must determine whether settlement of an FLSA case is fair and reasonable and the subject of an arms'-length negotiation, as opposed to an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties have consented to my jurisdiction after I presided over a settlement conference leading to the Settlement Agreement. (ECF 26.) I carefully reviewed the Settlement Agreement, as well as the letter addressing whether the Settlement Agreement is fair and reasonable (ECF 27.) I requested supplemental information from the parties (ECF 28), which was provided (ECF 29). I have considered, without limitation, the prior proceedings; the risks, burdens, and costs of continuing the action; the range of possible recoveries; the terms of the Settlement Agreement, including but not limited to the scope of the releases; whether the Settlement Agreement is the

product of arms'-length bargaining between experienced counsel or parties; the possibility of fraud or collusion; and the reasonableness of the attorneys' fees to be paid based on the proportion of the entire recovery (one-third), plus costs of $1318.46. I decline to perform a lodestar cross check, because I believe doing so is unnecessary in light of the fee agreement between Plaintiff and counsel, particularly since the percentage agreed to (one-third) is the customary contingency percentage in FLSA cases. *See, e.g., Puerto v. Happy Life Home Health Agency Inc.,* No. 23-CV-4915 (GWG), 2023 WL 8258103, at *2 (S.D.N.Y. Nov. 29, 2023).

Considering all these factors, I find that the Settlement Agreement is fair and reasonable. The Settlement Agreement hereby is approved. The claims brought by Plaintiff are hereby dismissed with prejudice. The Clerk of Court is respectfully directed to terminate ECF 27 and to terminate the case. The Court shall retain jurisdiction to enforce the Settlement Agreement.

Dated: April 14, 2026
New York, New York

So Ordered.

_____

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**